**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-01-181-M |
| | ) | |
| BRIAN WAYLAND SPENCER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Defendant's Motion to Dismiss Indictment on Petit Jury and

Grand Jury Composition Grounds and for Order Staying Proceedings.  The Motion has been fully

briefed and is now ripe for determination.  For the reasons set forth below, Defendant's Motion will

be denied.

Defendant moves the Court to dismiss the Indictment filed against him and to stay all

proceedings in this case until such time as the Court can assemble grand and petit juries whose racial

compositions satisfy the minimum requirements for diversity and fairness under the Fifth and Sixth

Amendments to the United States Constitution and the Jury Selection and Service Act of 1968, 28

U.S.C. § 1861 *et seq.* ("Jury Act").  In his brief in support of the Motion, however, Defendant

candidly concedes that he cannot establish a prima facie case of a Fifth or Sixth Amendment

violation: "Under existing Tenth Circuit decisional law, the disparities in minority representation

observed in the 2001 jury wheels were not, standing alone, so large as to establish a prima facie

violation of the Fifth or Sixth Amendments."* Br. in Supp. of Mot. at 8.

---

\* Defendant submits that the highest absolute percentage disparity between any racial group's representation in this District's 2001 qualified jury wheel and the population from which the jury wheel was drawn is 3.5%. Br. in Supp. of Mot. at 5. In *United States v. Gault*, 141 F.3d 1399, 1402-03 (10th Cir. 1998), the Tenth Circuit held that a 7.00% absolute disparity was insufficient to establish a prima facie violation of either the Fifth or Sixth Amendments.

The Court finds that Defendant's concession is fatal to his Fifth and Sixth Amendment claims.  *See United States v. Chanthadara*, 230 F.3d 1237, 1257 (10th Cir. 2000) (affirming district court's denial of Sixth Amendment claim based on failure to establish prima facie case of systematic discrimination); *United States v. Contreras*, 108 F.3d 1255, 1268-69 (10th Cir. 1997) (affirming district court's denial of Fifth and Sixth Amendment claims based on failure to establish prima facie case of systematic discrimination); *United States v. Yazzie*, 660 F.2d 422, 425-28 (10th Cir. 1981) (affirming district court's denial of Fifth and Sixth Amendment claims based on failure to establish prima facie case of systematic discrimination).  The Court further finds that Defendant's concession is fatal to his statutory claim as well.  *See Yazzie*, 660 F.2d at 429 (holding Jury Act "incorporates th[e] [Sixth Amendment's] fair-cross-section requirement in § 1861," and that failure to establish violation of "fair-cross-section requirement" dooms Jury Act claim).

In light of Defendant's concession, and because Defendant has not articulated any established or even reasonably creditable basis for this Court to conclude that his constitutional or statutory rights have been violated in the absence of a prima facie showing of any such violation, the Court finds that his Motion to Dismiss Indictment on Petit Jury and Grand Jury Composition Grounds and for Order Staying Proceedings [docket no. 843] must be, and now hereby is, DENIED in all respects.  Defendant's Motion to Amend by Interlineation the Affidavit of Defendant's Counsel Filed on April 15, 2005 [docket no. 852] is DENIED as moot.

**IT IS SO ORDERED** this 6th day of June, 2005.


VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE